# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1907
_____

Becton, Dickinson and Company,     *
                                        *

          Appellee,                *

                                    *    Appeal from the United States

      v.                          *    District Court for the

                                    *    Western District of Arkansas.

Accu-Path Medical Laboratory, Inc.,    *

                                    *      [UNPUBLISHED]

         Appellant.               *

_____

Submitted:  August 27, 2001
Filed:   August 27, 2001
_____

Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
_____

PER CURIAM.

Accu-Path Medical Laboratory, Inc. (Accu-Path) and Becton, Dickinson and Company (Becton) entered into a contract obligating Accu-Path to lease medical equipment and purchase medical supplies from Becton over a sixty-month period. Twenty-one months into the contract, Accu-Path terminated the agreement and Becton brought this diversity breach-of-contract action. Accu-Path raised the defense of mistake, arguing that it mistakenly believed the contract included a cancellation clause. Accu-Path also counterclaimed for damages on the basis of misrepresentation, namely, that Becton should have disclosed its intent to sell similar medical equipment to Accu-Path's customer because the subsequent sale eliminated Accu-Path's need for the

equipment. The district court[1] granted summary judgment to Becton, and Accu-Path appeals. We affirm.

Upon careful de novo review of the record, see Roeder v. Metropolitan Ins. & Annuity Co., 236 F.3d 433, 436 (8th Cir. 2001), we agree with the district court that Accu-Path's defense and counterclaim fail. Its summary judgment submissions do not show that Becton committed any fraud in inducing Accu-Path to enter into a contract without a cancellation clause, see Union Nat'l Bank v. Farmers Bank, 786 F.2d 881, 887 (8th Cir. 1986), and Arkansas law requires fraud before rescinding or reforming a contract because of a unilateral mistake, see Westlund v. Melson, 647 S.W.2d 488, 489 (Ark. Ct. App. 1983). Likewise, the record does not support Accu-Path's misrepresentation claim, given the lack of evidence of any special relationship of trust or confidence in this arm's-length transaction. See Union Nat'l Bank, 786 F.2d at 887 (under Arkansas law, party has no obligation to inform unless it holds position of influence over the other).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE HARRY F. BARNES, United States District Judge for the Western District of Arkansas.